JOHN D. SCHOONMAKER, JR., and Others, Respondents, v. ELIZABETH N. FAGAN, Appellant.— Judgment and orders affirmed, with costs. No opinion. Present — Martin, P. J., O'Malley, Glennon, Untermyer and Dore, JJ.; Untermyer, J., dissents and votes to reverse the judgment and order granting plaintiff's motion for summary judgment and to deny said motion, and to affirm the order denying defendant's cross-motion for summary judgment, on the authority of *American Surety Co.* v. *Palmer* (240 N. Y. 63).

FRED S. RADNITZ, Appellant, v. ELECTRIC POWER & LIGHT CORPORATION, Respondent.— The record presents an issue of fact which cannot be determined on a motion for summary judgment concerning the meaning to be attributed to the option warrants. Judgment reversed, without costs, and the order, to the extent that it denies the plaintiff's motion for summary judgment, affirmed and, to the extent that it grants the defendant's cross-motion for summary judgment dismissing the complaint, reversed and the cross-motion denied. Present — Martin, P. J., O'Malley, Glennon, Untermyer and Dore, JJ.; Glennon and Dore, JJ., dissent and vote to affirm.

## (May 17, 1940.)

ISIDOR I. MILLER, Respondent, v. SHIRLEY FELLENSTEIN and CILLIE MILLER, Also Known as CELIA MILLER, Appellants, Impleaded with Others, Defendants.

PER CURIAM. The evidence establishes that the plaintiff was not incapacitated by any illness when he executed the assignment of the policy in the Metropolitan Life Insurance Company in July, 1933. We are of opinion that so much of the judgment as declares that assignment to have been procured by fraud is against the weight of the credible evidence.

The judgment should be modified by striking out so much as declares invalid the assignment of the policy in the Metropolitan Life Insurance Company, and as so modified affirmed, without costs.

Present — Martin, P. J., O'Malley, Glennon, Untermyer and Dore, JJ.

Judgment unanimously modified by striking out so much thereof as declares invalid the assignment of the policy in the Metropolitan Life Insurance Company, and as so modified affirmed, without costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.